SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Rebecca J. Reed v. Elizabeth M. Muoio (A-66-24) (090060)**

**Argued January 6, 2026 -- Decided July 2, 2026**

**JUSTICE NORIEGA, writing for a unanimous Court.**

In this appeal, the Court considers whether the Council on Local Mandates acted within its constitutional authority when it not only determined that the statute before it was an unfunded mandate, but also declared the funding provision of a separate, related statute to be "nugatory," that is, invalid or without legal effect.

In 2014, the Legislature enacted a statute requiring that police vehicles "acquired on or after [March 1, 2015]" and "primarily used for traffic stops shall be equipped with a mobile video recording system [(MVRS)]." N.J.S.A. 40A:14-118.1. At the same time, the Legislature amended the statute that criminalizes driving while intoxicated (DWI), N.J.S.A. 39:4-50(i), to increase the $100 DWI surcharge to $125. The DWI statute, as amended, directs that the additional $25 be applied to "the cost of equipping police vehicles with MVRS." N.J.S.A. 39:4-50(i).

In 2015, Deptford Township challenged the MVRS mandate before the Council, alleging that it was an unfunded mandate in violation of Article VIII, Section 2, Paragraph 5(a) of the New Jersey Constitution and N.J.S.A. 52:13H-2.

On April 20, 2016, the Council on Local Mandates determined that there was a significant disparity between the projected costs of the installation mandate and the funds made available through recovered surcharges and concluded that the authorized funding was constitutionally inadequate. Therefore, the Council deemed the MVRS statute unconstitutional as an unfunded mandate. The Council then found that its determination rendered the DWI statute's $25 surcharge "nugatory."

In 2021, petitioners Rebecca J. Reed and Amanda M. Curry filed identical but separate class actions after being subjected to the $25 DWI surcharge. The actions, filed against Elizabeth Muoio, the State Treasurer, and other public officials, alleged that the collection of the $25 surcharge for all plaintiffs was unconstitutional and that municipalities unlawfully continued to collect the surcharge in contravention of the Council's determination. The complaints were consolidated by the trial court.

1

Muoio moved to dismiss the complaints, arguing that the unconstitutionality of the MVRS mandate did not render the $25 surcharge invalid. The trial court dismissed the complaints. The Appellate Division affirmed. The Court granted plaintiffs' petition for certification to determine (1) whether judicial review is available for the Council's decisions, and (2) whether the Council exceeded its authority by invalidating the surcharge. 260 N.J. 587 (2025).

**HELD:** The Council is subject to judicial review, and it exceeded its constitutional authority in this instance.

1. Article VIII, Section II, Paragraph 5(a) of the New Jersey Constitution provides that any provision of laws enacted on or after January 17, 1996 that is determined to be an unfunded mandate shall "cease to be mandatory in its effect and expire." Paragraph 5(b) then provides for the creation by the Legislature of the Council on Local Mandates, which "shall resolve any dispute regarding whether a law . . . constitutes an unfunded mandate." Paragraph 5(b) states that "decisions of the Council shall be political and not judicial determinations." The Local Mandates Act specifies that "[a] ruling of the council shall be restricted to the specific provision of a law . . . which constitutes an unfunded mandate and shall, as far as possible, leave intact the remainder of a statute . . . . The council shall not have the authority to determine whether the funding of any statute . . . is adequate." N.J.S.A. 52:13H-12(a). The Act also states that "rulings of the council shall be political determinations [not] subject to judicial review." N.J.S.A. 52:13H-18. (pp. 4-6)

2. Reviewing separation-of-powers principles, the Court explains that the threshold question of whether the Council acted within the scope of its authority is the province of the courts, not a non-justiciable political question. A Council decision must relate to the Council's constitutional purpose. (pp. 14-17)

3. The State does not challenge and the Court therefore does not review the Council's determination that the MVRS statute was an unfunded mandate. However, once the Council made that determination, its authority ended. The Council was not empowered to go further and invalidate the $25 surcharge itself, which was a separate funding mechanism and not the subject of the unfunded mandate complaint. It is the prerogative of the Legislature to decide what, if anything, should be done with the $25 surcharge in the wake of the Council's determination that N.J.S.A. 40A:14-118.1 was an unfunded mandate. (pp. 18-19)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and HOFFMAN join in JUSTICE NORIEGA's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-66 September Term 2024
090060

Rebecca J. Reed and Amanda
M. Curry, on behalf of themselves
and all other class members similarly
situated,

Plaintiffs-Appellants,

v.

Elizabeth M. Muoio,
Treasurer of the State of New
Jersey, Caroline Benson,
Acting Chief Financial Officer/
Treasurer of the Borough of
Middlesex, Colleen Lapp,
Director/Chief Financial Officer
of Middletown Township, on
behalf of themselves, and all
other defendant class members
similarly situated, Glenn A.
Grant, J.A.D., Administrative
Director of the Courts, N.J.,
Administrative Office of the
Courts, B. Sue Fulton,
Chief Administrator, New Jersey
Motor Vehicle Commission, a body
corporate and politic and an
instrumentality of the State of New
Jersey, Merari Gaud, Court
Administrator, Borough of Middlesex
and Kate Chieffo, Court Administrator,
Middletown Township, on behalf of
themselves and all others similarly situated,

1

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| January 6, 2026 | July 2, 2026 |

Joseph M. Pinto argued the cause for appellants (Polino and Pinto, and LoMurro, Munson, attorneys; Joseph M. Pinto, and Richard Galex, on the briefs).

Bassam F. Gergi, Deputy Attorney General, argued the cause for respondents Elizabeth M. Muoio, Glenn A. Grant, J.A.D., and B. Sue Fulton (Matthew J. Platkin, Attorney General, attorney; Jeremy M. Feigenbaum, Solicitor General, Stephen Ehrlich, Deputy Solicitor General, of counsel and on the briefs, Sookie Bae-Park, Assistant Attorney General, of counsel, and Bassam F. Gergi, and Phoenix N. Meyers, Deputy Attorneys General, on the briefs).

Matthew R. Flynn argued the cause for respondents Caroline Benson, Merari Gaud, and the Borough of Middlesex (Savo, Schalk, Corsini, Warner, Gillespie, O'Grodnick & Fisher, attorneys; Matthew R. Flynn, on the brief).

Alexander Shalom argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Lowenstein Sandler, and American Civil Liberties Union of New Jersey Foundation, attorneys; Alexander Shalom, Noemi S. Schor, Jeanne LoCicero, and Ezra D. Rosenberg, on the brief).

Spiro Harrison & Nelson, attorneys for respondents Colleen Lapp and Kate Chieffo, join in the brief of respondents Elizabeth M. Muoio, Glenn A. Grant, J.A.D., and B. Sue Fulton.

In 1995, our State Constitution was amended to prohibit any law, rule, or regulation that was determined to be an unfunded mandate. The amendment specifically called for the creation of a Council on Local Mandates (the Council) to "resolve any dispute regarding whether a law or rule or regulation issued pursuant to a law constitutes an unfunded mandate." N.J. Const. art. VIII, § 2, ¶ 5(b). N.J.S.A. 52:13H-2, a provision of the Local Mandates Act, enacted in 1996, prescribes in turn that an unfunded mandate "shall cease to be mandatory in its effect and shall expire" until funding for the mandate is authorized.

In this appeal, the central issue is the scope of the Council's authority when conducting that analysis. The Council here not only agreed that the statute in question was an unfunded mandate, but also declared the funding provision of a separate, related statute to be "nugatory," that is, invalid or without legal effect. This case requires the Court to review whether the Council acted within its constitutional authority when it made the second determination.

We affirm the judgment of the Appellate Division and hold that the Council is subject to judicial review and that it exceeded its constitutional authority in this instance.

I.

A.

In 1995, the Legislature passed a concurrent resolution to amend Article VIII, Section II of the New Jersey Constitution and "create by law a Council on Local Mandates" to "resolve any dispute regarding whether a law or rule or regulation issued pursuant to a law constitutes an unfunded mandate." S. Con. Res. 87, 26/ A. Con. Res. 1, 77, and 40 (1995). The voters approved the constitutional amendment on November 7, 1995.

Article VIII, Section II, Paragraph 5 of the Constitution therefore now provides:

> (a) With respect to any provision of a law enacted on and after January 17, 1996, and with respect to any rule or regulation issued pursuant to a law originally adopted after July 1, 1996, . . . any provision of such law, or of such rule or regulation issued pursuant to a law, which is determined in accordance with this paragraph to be an unfunded mandate upon boards of education, counties, or municipalities because it does not authorize resources, other than the property tax, to offset the additional direct expenditures required for the implementation of the law or rule or regulation, shall, upon such determination cease to be mandatory in its effect and expire. . . .

4

(b) The Legislature shall create by law a Council on Local Mandates. The Council shall resolve any dispute regarding whether a law or rule or regulation issued pursuant to a law constitutes an unfunded mandate. The Council shall consist of nine public members appointed as follows: four members to be appointed by the Governor; one member to be appointed by the President of the Senate; one member to be appointed by the Speaker of the General Assembly; one member to be appointed by the minority leader of the Senate; one member to be appointed by the minority leader of the General Assembly; and one member to be appointed by the Chief Justice of the New Jersey Supreme Court. . . . The decisions of the Council shall be political and not judicial determinations.

The Legislature implemented the constitutional amendment through the Local Mandates Act, N.J.S.A. 52:13H-1 to -22. The Act creates the Council pursuant to the parameters set forth in the Constitution, and outlines its responsibilities, structure, and scope.

N.J.S.A. 52:13H-2 provides: "[A]ny provision of a law . . . which is determined . . . to be an unfunded mandate . . . because it does not authorize resources to offset the additional direct expenditures required for the implementation of the law or the rule or regulation, shall cease to be mandatory in its effect and shall expire."

N.J.S.A. 52:13H-12 sets forth the procedures and limits of the Council, including (1) how complaints are filed and reviewed; (2) the requirement for written rulings on whether a statute or regulation constitutes an unfunded

5

mandate; (3) the restriction that Council rulings apply only to the specific provision found to be an unfunded mandate; and (4) the directive to leave intact, as far as possible, the remainder of the statute or regulation.

Pertinent here, N.J.S.A. 52:13H-12(a) specifies that

> [a] ruling of the council shall be restricted to the specific provision of a law or the specific part of a rule or regulation which constitutes an unfunded mandate and shall, as far as possible, leave intact the remainder of a statute or a rule or regulation.  The council shall not have the authority to determine whether the funding of any statute or any rule or regulation is adequate.

N.J.S.A. 52:13H-18 provides that "[p]ursuant to Article VIII, Section II, [P]aragraph 5(b) of the New Jersey Constitution, rulings of the council shall be political determinations and shall not be subject to judicial review."

B.

In 2014, the Legislature enacted a statute requiring that "[e]very new or used municipal police vehicle purchased, leased, or otherwise acquired on or after [March 1, 2015] which is primarily used for traffic stops shall be equipped with a mobile video recording system [(MVRS)]."  N.J.S.A. 40A:14-118.1 (the MVRS mandate).  At the same time, the Legislature amended the statute that criminalizes driving while intoxicated (DWI), N.J.S.A. 39:4-50(i) (the DWI statute), to increase the $100 DWI surcharge to $125.  L. 2014, c. 54, § 2.  The DWI statute, as amended, provides that the additional $25 "shall

be payable . . . in a matter where the summons was issued by a municipality's law enforcement agency, to that municipality <u>to be used for the cost of equipping police vehicles with mobile video recording systems</u> pursuant to the provisions of [N.J.S.A. 40A:14-118.1]." N.J.S.A. 39:4-50(i) (emphasis added).

In 2015, Deptford Township challenged the MVRS mandate before the Council, alleging that it was an unfunded mandate in violation of Article VIII, Section 2, Paragraph 5(a) of the New Jersey Constitution and N.J.S.A. 52:13H-2. Deptford argued that even with the $25 surcharge, the MVRS mandate "does not authorize resources to offset the additional direct expenditures required" to fund the mandate. <u>See</u> N.J.S.A. 52:13H-2. In support, Deptford produced evidence that the estimated funds produced by the $25 surcharge would cover only about six percent of the estimated cost of equipping six new police vehicles with MVRSs. Deptford did not challenge the legality of the $25 surcharge itself.

On April 20, 2016, the Council issued its opinion. In reviewing the challenged statute, the Council determined that there was a significant disparity between the projected costs of the installation mandate and the funds made available through recovered surcharges, considering the surcharges merely "illusory." In evaluating the adequacy of the $25 surcharge funding

7

source from the DWI statute, the Council concluded that the authorized funding was constitutionally inadequate. Therefore, the Council deemed the MVRS statute unconstitutional as an unfunded mandate. The Council then found that its determination rendered the DWI statute's $25 surcharge "nugatory."

In 2021, petitioner Rebecca J. Reed filed a class action on behalf of herself and others who had been subjected to the $25 DWI surcharge. The action, filed against Elizabeth Muoio, the State Treasurer; Caroline Benson, the Acting Financial Officer/Treasurer of the Borough of Middlesex; and other public officials, alleged that the collection of the $25 surcharge for all plaintiffs was unconstitutional and that municipalities unlawfully continued to collect the surcharge in contravention of the Council's determination. Reed requested that all funds collected pursuant to the surcharge be returned to class members.

Amanda M. Curry filed an identical class action in 2021 after she was charged the $25 surcharge following her conviction for a DWI offense. That class action was similarly filed against Muoio, as well as Colleen Lapp, the Director and Chief Financial Officer of Middletown Township. The complaints were consolidated by the trial court.

8

Muoio filed a motion to dismiss the complaints pursuant to Rule 4:6-2(e) ("failure to state a claim upon which relief can be granted"), arguing that the $25 surcharge was severable from the MVRS mandate and that the unconstitutionality of the MVRS mandate did not render the $25 surcharge invalid. Rather, Muoio argued that the $25 surcharge remained valid even without the MVRS mandate. Muoio also argued that as a funding source, the $25 surcharge set forth in N.J.S.A. 39:4-50(i) could not be an "unfunded mandate" and was therefore not subject to the Council's review. Benson joined the motion to dismiss, adopting Muoio's arguments.

Plaintiffs opposed defendants' motions and cross-moved to amend their complaint. In their motion, plaintiffs argued that the Council's determination that the MVRS mandate was an unfunded mandate also invalidated the $25 surcharge because the two statutes must be read together. Plaintiffs further argued that the Council's decisions are political determinations not subject to judicial review.

The trial court dismissed plaintiffs' complaints without prejudice, holding that the Council's decision to strike the MVRS mandate as an unconstitutional unfunded mandate did not render the $25 surcharge unconstitutional. The trial court granted plaintiffs' cross-motion to amend their complaint. The amended complaint repeated the allegations in the

9

original complaint and added allegations that the surcharge was collected with no direction as to how the money should be allocated.

Defendants moved to dismiss plaintiffs' amended complaint pursuant to Rule 4:6-2(e), arguing that the amended complaint must be dismissed under the law of the case doctrine. Plaintiffs opposed defendants' motion and cross-moved for reconsideration of the court's prior order dismissing their complaint without prejudice.

The court granted defendants' motion and denied plaintiffs' cross-motion. The court determined that the allegations in plaintiffs' original and amended complaints differed only in the defendants named and that their amended arguments had already been rejected.

C.

Before the Appellate Division, plaintiffs argued that judicial review is not available for the Council's decision to invalidate the surcharge because it is a political decision under Article VIII, Section 2, Paragraph 5(b) of the New Jersey Constitution and N.J.S.A. 52:13H-18. Plaintiffs further argued that, even if judicial review were available, the trial court erred in holding that the $25 surcharge was not rendered nugatory by the Council's determination that the MVRS mandate is unconstitutional.

10

The Appellate Division rejected plaintiffs' argument that all Council decisions are immune from judicial review, even when the Council exceeds its authority. The court explained that the protections the New Jersey Constitution and N.J.S.A. 52:13H-18 accord to Council decisions apply only to the Council's core function -- determining whether a law is an unfunded mandate. If the Council acts outside that function, such as by invalidating a statute or provision beyond its authority, the court explained, judicial review is appropriate.

The appellate court found that the Council here exceeded its authority by purporting to invalidate the $25 surcharge, reasoning that the surcharge itself is a funding mechanism, not a mandate, and that the Council is statutorily obligated under N.J.S.A. 52:13H-12(a) to restrict its rulings to the specifically challenged mandate and to, as far as possible, leave the rest of the statute intact. The court found that the surcharge is severable from the invalidated MVRS mandate and can stand alone because its purposes -- punishing DWI offenders and raising revenue -- are independent of the MVRS requirement. According to the appellate court, the legislative history and the Legislature's inaction after the Council's decision support this conclusion. Finding that the Council's invalidation of the surcharge exceeded its authority, the court

11

determined that plaintiffs had no right to a refund of the surcharge and affirmed the trial court's dismissal of the complaints.

This Court granted plaintiffs' petition for certification, in which plaintiffs asked us to determine (1) whether judicial review is available for the Council's decisions, and (2) whether the Council exceeded its authority by invalidating the $25 surcharge. 260 N.J. 587 (2025). We also granted leave to appear as amicus curiae to the American Civil Liberties Union of New Jersey (ACLU).

## II.

### A.

Plaintiffs argue that the Appellate Division erred in two respects. First, they assert that decisions of the Council are political determinations not subject to judicial review under the plain text of both the New Jersey Constitution and N.J.S.A. 52:13H-18. Second, plaintiffs contend that even if the Council's determinations are reviewable, the Council did not exceed its legislatively delegated powers when it nullified the surcharge. According to plaintiffs, the surcharge and MVRS mandate are intrinsically linked and not severable because the DWI statute's surcharge provision cannot stand when the act under which it was passed has lost its purpose. In plaintiffs' view, the

12

trial and appellate courts here ignored the Legislature's intent in enacting the DWI surcharge.

## B.

Defendants argue that judicial review is appropriate when the Council exceeds its authority, as it did here by purporting to invalidate the $25 surcharge. They contend that the political question doctrine does not protect the Council when it acts beyond its defined powers. Defendants assert that the Council overstepped its authority here for two reasons: first, the $25 surcharge is not an unfunded mandate, as it is neither a mandate nor unfunded, but rather a funding mechanism for municipalities; and second, the surcharge was not in dispute before the Council, and the Constitution limits the Council to resolving only those disputes properly presented to it. Defendants add that, because the Council is required by statute to leave intact portions of a law that do not constitute unfunded mandates, it lacked authority to invalidate the surcharge. Finally, defendants maintain that the MVRS mandate and $25 surcharge are severable, as the surcharge serves multiple legislative purposes.

## C.

The ACLU presents two main arguments: first, the Council's decisions are not constitutionally immune from review; and second, even if the Council's decisions are not subject to judicial review, courts still retain the

13

power to determine whether the Council has acted within the scope of its delegated authority.

## III.

This Court reviews a "Rule 4:6-2(e) motion to dismiss for failure to state a claim . . . de novo, affording no deference to the trial court's determination." Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). Courts will dismiss a case "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim." Id. at 96 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). Likewise, we review the interpretation of a statute or the Constitution de novo. Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 139 (2015). Consequently, "we owe no deference to the interpretive conclusions of the trial court or Appellate Division." Ibid.

## IV.

### A.

A critical first step in addressing this appeal is determining whether judicial review is proper. In Baker v. Carr, Justice Brennan explained that "[d]eciding whether a matter has in any measure been committed by the Constitution to another branch of government . . . is itself a delicate exercise in constitutional interpretation, and is a responsibility of this Court as ultimate

14

interpreter of the Constitution." 369 U.S. 186, 211 (1962). Our State Constitution, "unlike the [F]ederal [C]onstitution, is not a grant but a limitation of legislative power," State v. Murzda, 116 N.J.L. 219, 222 (E. & A. 1936), and as a result, "the Legislature is invested with all powers not constitutionally forbidden," Gilbert v. Gladden, 87 N.J. 275, 283 (1981).

The separation of powers doctrine is a foundational principle designed to prevent the concentration of governmental power and the potential for oppression. See Gen. Assembly v. Byrne, 90 N.J. 376, 381-82 (1982). As Thomas Jefferson observed, governmental powers "should be so divided and balanced among several bodies . . . that no one could transcend their legal limits, without being effectually checked and restrained by the others." Id. at 381 (omission in original) (quoting Thomas Jefferson, Notes on the State of Virginia 120 (W. Peden ed. 1955)).

The Framers adopted this structure not for efficiency but to preclude arbitrary power and protect against autocracy, recognizing that some friction between the branches is necessary to safeguard liberty. Id. at 382 (relying on Myers v. United States, 272 U.S. 52, 293 (1926) (Brandeis, J., dissenting)). Our Court has acknowledged that "[t]he separation of powers does not require complete insulation of the branches from each other." Ibid. The "'hermetic sealing off of the three branches of Government from one another would

15

preclude the establishment of a Nation capable of governing itself effectively.'"  Ibid. (quoting Buckley v. Valeo, 424 U.S. 1, 121 (1976)).

Indeed, this Court recognized that "[t]he compartmentalization of governmental powers among the executive, legislative and judicial branches has never been watertight."  In re Salaries for Prob. Officers of Bergen Cnty., 58 N.J. 422, 425 (1971).  And so, "the Framers created a government with three distinct branches, each a separate source of power that could check the abuses of the other branches.  It has been the constitutional role of the Court to prevent any of the branches from exercising illegitimate power over the others."  Byrne, 90 N.J. at 382 (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)).

B.

Here, the Court is asked to review whether the Council exceeded the scope of its authority as defined by the New Jersey Constitution and the Council's enabling statute in determining that the $25 surcharge described in N.J.S.A. 39:4-50(i) was rendered nugatory by the Council's unchallenged declaration that N.J.S.A. 40A:14-118.1 is an unconstitutional unfunded mandate.

That threshold question as to whether the Council acted within the scope of its authority is the standard province of the courts, not a non-justiciable

16

political question.  See Byrne, 90 N.J. at 382.  As plaintiffs conceded during oral argument, a Council decision must relate to the Council's constitutional purpose; if the Council decided something entirely unrelated to an unfunded mandate, judicial review would be appropriate.  Thus, the provisions on which plaintiffs rely in Article VIII, Section 2, Paragraph 5(b) of the New Jersey Constitution -- "[t]he decisions of the Council shall be political and not judicial determinations" -- and N.J.S.A. 52:13H-18 -- "rulings of the council shall be political determinations and shall not be subject to judicial review" -- must refer to decisions and rulings made within the scope of the Council's authority.  Because the question before this Court concerns whether the Council's decision about the surcharge falls within that scope, we may consider it.[1]

## V.

Having established that we are able to determine whether the Council acted within or exceeded the scope of its authority in declaring the $25 surcharge in the DWI statute "nugatory," we turn to that question.

---

[1]  We do not reach the ACLU's argument that determinations by the Council within the scope of its authority may also be subject to judicial review.  See, e.g., Rappaport v. Pasternak, 260 N.J. 230, 250 n.2 (2025) ("That argument was raised only by amicus, not by a party, and we do not consider it."); accord State v. Patel, 264 N.J. 80, 96-97 (2026).

17

As noted above, the New Jersey Constitution empowers the Council to resolve disputes over whether a law or regulation constitutes an unfunded mandate, defined as any provision that requires a municipality to incur additional expenditures without providing offsetting resources. If the Council determines a provision is an unfunded mandate, it ceases to be mandatory and expires. N.J. Const. art. VIII, § 2, ¶ 5(a) to (b); N.J.S.A. 52:13H-2.

In the Local Mandates Act, the Legislature authorized the Council to find an unfunded mandate in "any part of a rule or regulation" designated against "boards of education, counties, municipalities, or fire districts" that "does not authorize resources to offset the additional direct expenditures required for the implementation of the law or the rule or regulation." N.J.S.A. 52:13H-2. However, N.J.S.A. 52:13H-12 provides that "[t]he council shall not have the authority to determine whether the funding of any statute or any rule or regulation is adequate."

The State does not challenge the Council's review of the "disparity" between the projected costs of the MVRS mandate and the revenue from the $25 surcharge for the limited purpose of determining whether the MVRS statute was an unfunded mandate. We therefore do not review anything about the Council's determination in that regard.

18

We hold that once the Council determined that the MVRS statute was an unfunded mandate, its authority ended. The Council was not empowered to go further and invalidate the $25 surcharge itself, which was a separate funding mechanism and not the subject of the unfunded mandate complaint. To the contrary, the statute requires that "[a] ruling of the council shall be restricted to the specific provision of a law or the specific part of a rule or regulation which constitutes an unfunded mandate and shall, as far as possible, leave intact the remainder of a statute or a rule or regulation." N.J.S.A. 52:13H-12(a).

Therefore, the Council's 2016 declaration -- that its determination that the MVRS statute constituted an unfunded mandate "renders nugatory the $25 surcharge" -- exceeded its authority. Its decision swept beyond the unfunded mandate and purported to nullify a revenue provision that was neither an unfunded mandate nor at issue before the Council, contrary to N.J.S.A. 52:13H-12(a). The authority to revise, repurpose, strike, or sever a funding provision lies with the Legislature, not the Council, and it is the prerogative of the Legislature to decide what, if anything, should be done with the $25 surcharge in the wake of the Council's determination that N.J.S.A. 40A:14-118.1 was an unfunded mandate.

## VI.

We agree with the Appellate Division insofar as it found the Council exceeded its authority by rendering the funding provision invalid. The judgment of the Appellate Division is therefore affirmed.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and HOFFMAN join in JUSTICE NORIEGA's opinion.

20